**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: TOYOTA MOTOR CORP. UNINTENDED
ACCELERATION MARKETING, SALES
PRACTICES, AND PRODUCTS LIABILITY
LITIGATION**  MDL No. 2151

(SEE ATTACHED SCHEDULE)

**CONDITIONAL REMAND ORDER**

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Central District of California.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Central District of California with a stipulation or designation of the contents of the record to be remanded and all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

Inasmuch as no objection is pending at this time, the stay is lifted.

**Nov 17, 2011**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**  MDL No. 2151

### SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| CAC | 8 | 10–00998 | LAE | 2 | 10–01427 | Mack Sims v. Toyota Motor Sales, U.S.A., Inc. et al |
| CAC | 8 | 10–01916 | MN | 0 | 10–04276 | Amelia A. Welch v. Toyota Motor Sales, U.S.A., Inc. |
| CAC | 8 | 11–00100 | NJ | 3 | 10–06817 | LISA A. BARTLETT et al v. TOYOTA MOTOR SALES, U.S.A., INC. et al |
| CAC | 8 | 10–01371 | NV | 2 | 10–00924 | Wilma Herrera et al v. Toyota Motor Sales U.S.A., Inc. et al |
| CAC | 8 | 10–00604 | NYS | 7 | 10–02166 | Lucille Fox v. Toyota Motor North America, Inc. et al |
| CAC | 8 | 10–01004 | TNE | 3 | 10–00224 | Nancy Leach Rookard v. Toyota Motor Corporation et al |
| CAC | 8 | 10–01771 | WVS | 2 | 10–00976 | Jeffrey G. Messinger et al v. Toyota Motor Engineering &Manufacturing North America, Inc. et al |

\* – denotes that the civil action has been severed.