UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILMA HERRERA, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., et al.,<br><br>　　　　Defendants. | 2:10-CV-924 JCM (RJJ) |

**ORDER**

Presently before the court is defendants' motion to dismiss. (Doc. 59). Plaintiffs filed a response that is really a motion for leave to amend their complaint. (*See* docs. ## 60-61). Defendants filed a reply. (Doc. # 62).

Also before the court is plaintiffs' motion for leave to amend their complaint. (Doc. # 61). Defendants filed a response in opposition (doc. # 63), and plaintiffs have elected not to file a reply.

**I.    Background**

Plaintiffs filed their first complaint in state court around May of 2010. (*See* doc. # 1, Ex. 4). Defendants removed the action to this court on June 15, 2010. (Doc. # 1).[1]  Defendants filed motions to dismiss. (*See* docs. ## 7-8). The court dismissed causes of action 5, 7, and 12, while causes of action 1-4, 6, and 8-9 survived the motion to dismiss. (Doc. # 22).

The factual basis of this action stems from an alleged defect in a Toyota vehicle. Plaintiffs alleged that the electronic throttle control system ("ETCS") was defective. The case was transferred

---

[1] When defendants removed the action, plaintiffs had already filed an amended complaint.

**James C. Mahan**
**U.S. District Judge**

1    to an MDL panel because of the high number of cases alleging a defective ETCS against Toyota.
2    (Doc. # 27). While this case was with the MDL panel, it appears that plaintiffs amended their
3    complaint two additional times.
4        The MDL panel remanded this case back to this court fourteen months later. (Doc. # 28).
5    "[T]hrough amended pleadings and discovery," the MDL narrowed down the cases to only those
6    properly implicating the use of ETCS. (*Id.*). Cases that "involve vehicles that are not alleged to use
7    an ETCS" were remanded back to the districts from where they came. (*Id.*).
8        Plaintiffs' third amended complaint in front of the MDL panel alleged causes of action
9    stemming from a defective ETCS. Since plaintiffs' vehicle did not use an ETCS, plaintiffs were on
10   notice that their complaint likely did not state a cause of action upon remand.
11       About five months after the case was remanded back to this court, the magistrate judge held
12   a hearing with the parties concerning discovery in the case. (*See* doc. # 49). About four months after
13   the hearing regarding a discovery plan, defendants filed their motion to dismiss. (Doc. # 59).
14   Plaintiffs responded by filing a motion to amend. (Doc. # 61). The motion for leave to amend a
15   fourth amended complaint, alleging causes of action not on the basis of a defective ETCS, was filed
16   over ten months after the case was remanded back to this court from the MDL.

17   **II.    Legal Standard**

18       Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given
19   when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal
20   standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178
21   (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue
22   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
23   amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the
24   amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely
25   given.'" *Id.* at 182.
26       A district court should deny a motion to amend where the amendment is an "exercise in
27   futility," *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008), "or where the
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d
2  1293, 1298 (9th Cir. 1998). In addition to the Rule 15(a) requirements, the local rules of federal
3  practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint
4  along with a motion to amend. LR 15-1(a).

**III.    Discussion**

Defendants argue that permitting plaintiffs to amend their compliant would be both futile and untimely. *See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."). Defendants' arguments are well taken.

A district court has wide latitude on whether to permit an amended complaint under Fed.R.Civ.P. 15(a). *See Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (When discussing the propriety of a district court's decision on whether to allow an amended complaint under Rule 15(a), the Ninth Circuit stated "[u]nder the abuse of discretion standard, the district court's discretion cannot be reversed unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."). "[T]he rule should be interpreted with extreme liberality." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The court finds that, because of the very liberal standard provided by Rule 15(a), plaintiffs should have one final attempt to file a complaint properly alleging causes of action that are not based on a defective ETCS against defendants. Plaintiffs are entitled to one final attempt to amend their complaint to address the findings of and dismissal from the MDL panel. Defendants, obviously, are entitled to refile a motion to dismiss that addresses the fourth amended complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 59) be, and the same hereby, is DENIED as moot.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for leave to amend complaint (doc. # 61) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff file a fourth amended complaint identical to that attached as exhibit A to the motion to amend within ten (10) days of the entry of this order.

**DATED** January 3, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -