1
2
3
4
5          UNITED STATES DISTRICT COURT
6
           DISTRICT OF NEVADA
7  WILMA HERRERA, et al.,                    2:10-CV-924 JCM (NJK)
8           Plaintiffs,
9  v.
10 TOYOTA MOTOR SALES, U.S.A., et
11 al.,
12          Defendants.
13

14                    **ORDER**

15    Presently before the court is plaintiffs Sylvia Gausch, Wilma Herrera, Carolina Salvador, and
16 Edgardo Soliman's motion to remand. (Doc. # 66). Defendants Toyota Motor Corporation and
17 Toyota Motor Sales U.S.A., Inc. has filed a response (doc. # 76) to which plaintiffs replied (doc. #
18 77). Also before the court is plaintiffs' motion for district judge to reconsider order (doc # 72).

19 **I.    Factual Background**

20    This action stems from an alleged defect in a Toyota vehicle in which plaintiffs allege that
21 the electronic throttle system was defective.

22    This case was filed in state court by plaintiffs around May of 2010. (*See* doc. # 1, Ex. 4).
23 On June 15, 2010, on the basis of diversity of citizenship the defendants removed case no. A615713,
24 Dept. No. XIX, from state to federal court. Id.  The removed complaint alleged that the plaintiffs
25 resided in Clark County, Nevada. (Doc # 1-4, 2:3).

26    On September 9, 2010, the Judicial Panel on Multi-District Litigation ordered the transfer
27 of this action to the Toyota Sudden Unintended Acceleration Multi-District Litigation (MDL No.
28

**James C. Mahan**
**U.S. District Judge**

2151) pending in the Central District of California. (Doc. # 26). On November 17, 2011, through suggestion by the MDL court, this action was transferred back to this court[1]. Id.

On September 17, 2012, plaintiffs filed a motion to amend/correct their complaint (doc. # 61), which defendants responded (doc. # 63). The court granted the plaintiffs' motion to amend (doc.# 69) on January 1, 2013.

Around November 2012, counsel for plaintiffs became aware that Mr. Soliman did not currently live in Nevada. (Doc. # 66, 3:9). On December 31, 2012, the plaintiffs filed the instant motion to remand[2]. (Doc. # 66). Subsequently on January 7, 2013, plaintiffs filed the motion for district judge to reconsider order (doc. # 72) in regards to the grant of the plaintiffs' motion to amend (doc. # 69).

On January 13, 2013, the court granted defendants additional time to respond to the plaintiffs' motion to remand. (Doc. # 75). Defendants responded to the motion to remand on February 11, 2013. (Doc. # 76). Further through discovery performed by the defendants, Mr. Solimon's deposition was consistent with plaintiffs' representations that he is not and was not at the time of plaintiffs' prior pleadings a citizen of the state of Nevada. (Doc. # 76, 5:1). Plaintiffs' replied (doc. # 77) on March 21, 2013.

**II.  Discussion**

Plaintiffs moves to remand this case to State court based on the lack of subject matter jurisdiction. Defendants request attorneys' fees and costs related to the plaintiffs' remand.

  *A.  Diversity Jurisdiction / Domicile*

Plaintiffs contend that Soliman is a citizen of California which destroys diversity jurisdiction and divests the court of subject matter jurisdiction over the case.

. . .

---

[1] For information regarding the MLD hearing refer to Order from MDL Panel (doc. # 28).

[2] In the docket two identical entries are made for motions to remand (doc. # 66) and (doc. # 70). The court will only examine one (doc. # 66) as the other (doc. # 70) shall be considered moot. For docket correction see (doc. # 67).

James C. Mahan
U.S. District Judge

- 2 -

1. Legal Standard

28 U.S.C. § 1332 gives federal courts jurisdiction where there is diversity of citizenship between plaintiffs and defendants. Under 28 U.S.C. § 1447© "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

For purposes of inquiring into the basis for diversity jurisdiction, a party's citizenship depends on his or her domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is "domiciled" where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

"The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750; *see also Bruton v. Shank,* 349 F.2d 630, 631 n. 2 (8th Cir.1965); *S.S. Dadzie v. Leslie,* 550 F.Supp. 77, 79 n. 3 (E.D.Pa.1982); *Mizell v. Eli Lilly & Co.,* 526 F.Supp. 589, 592-93 (D.S.C.1981); *Griffin v. Matthews,* 310 F.Supp. 341, 342-43 (M.D.N.C.1969), *aff'd,* 423 F.2d 272 (4th Cir.1970).

Under the Ninth Circuit, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence . . . ." *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

2. Analysis

In this case the plaintiffs argue that Soliman was incorrectly stated as residing in Nevada. Plaintiffs contend that under new evidence it was discovered that Soliman resided and was a citizen of California. Defendants acknowledge that there is a lack of diversity in this case. Defendants deposed Soliman on January 31, 2013, in California and purport that his testimony was consistent with plaintiffs' representation that he is not and was not at the time of plaintiffs' prior pleadings a citizen of the state of Nevada.

1     In the case at hand, Soliman's statements and evidence show that he was domiciled in and was a citizen of California at all operable times of the case. *See Lew*, 797 F.2d at 749; *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (mentioning operable time to determine domicile). He was both physically present in California and intended to remain there. The record presents that Soliman listed his sole residence at a California address on paperwork filed with the Probate Court in Nevada on May 10, 2010. (Doc. # 66-, 2:9). Additionally Soliman has a California driver's license (doc. # 66-5), a California bank account (doc. # 66-4, 2:16), and a cell phone number with a California area code (doc. # 66-4, 2:18). Further when Soliman travels, he returns to California. (Doc. # 66-4, 2:9). All of these factors weigh in favor of determining Soliman's intent to be permanently or indefinitely in California.

Additionally because the factors above weight in favor of domicile and both parties consent that the Soliman is not and was not a citizen of the state of Nevada at the time of pleading, the court finds that Soliman is a citizen of California. Thus, in light of new evidence, the court does not have diversity jurisdiction because plaintiff Soliman and defendant Toyota Motor Sales U.S.A., Inc, are both citizens of California.

    B.    *Attorneys' Fees*

Defendants requested an award of attorney's fees and other costs and expenses associated with filing this motion to remand pursuant to 28 U.S.C. § 1447©. Defendants have not cited relevant case law in favor of attorneys' fees nor have they included an itemized statement regarding its attorneys' fees and costs. The court, in its discretion, declines to grant such a request for attorneys' fees and costs. *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citing *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.").

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

### III. Conclusion

For the above reasons the court finds that Soliman was domiciled in and therefore a citizen of California at the operable times of this case,

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for District Judge to reconsider order (doc. # 72) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. # 66) be, and the same hereby, is GRANTED.  Plaintiffs' duplicate motion to remand (doc. # 70) be, and the same hereby, is DENIED as moot.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that because plaintiff Edgardo Soliman's citizenship destroys diversity jurisdiction between a plaintiff and defendant, this case shall be REMANDED to State court.

DATED March 18, 2013..

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**